UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKAZULU SIGIDI KASENZANGAKHONA,<br><br>          Plaintiff,<br><br>     v.<br><br>L. CANO, et al.,<br><br>          Defendants. | Case No.: 1:23-cv-001764-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF**<br><br>(Doc. 10)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Shakazulu Sigidi KasenzangaKhona is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

Plaintiff filed his complaint on December 26, 2023. (Doc. 1.)

On January 22, 2024, Plaintiff filed a document titled "Writ of Mandate." (Doc. 10.) Plaintiff contends inmates cannot transfer "when 90 days to parole." (*Id*. at 2.) He alleges "there are 2 issues in front of the District Judge and or Magistrate." (*Id*.) Plaintiff states that the first issue "is removal of vio. Administrative Determinant. The removal can only be overcome by an Inmate sustaining no violence for 7 years and an Inmates parole are within 5 years." (*Id*.) Plaintiff identifies the second issue as transfer. (*Id*.) He contends "transfer to a Minimum Support Facility cannot be overcome without (VAD) removed, thus, one reasoning to transfer relies on the rules

and regulations that demonstrates more programming at lower level Minimum Support Facilities." (*Id.*)

Plaintiff seeks relief from the Court "to give [him] (i.e., VAD-removed, transfer, …) what [he has] earned." (*Id.*) Citing to the Eighth and Fourteenth Amendments, Plaintiff asserts he should have his "vio removed and transfer to a (MSF), as all others who remained disciplinary free, self-help groups, college degrees, Role Model, and no criminal showing throughout the almost nine years incarcerated." (*Id.*) He contends he is "doing everything within reason to obtain better programming, in conjunction with better opportunities," once he paroles on May 23, 2024. (*Id.*) Plaintiff states the "deadline to prohibit transfer is on 2-23-2024" and asks the Court to grant relief. (*Id.*)

## II. DISCUSSION

### A. The All Writs Act

The All Writs Act provides that:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651. The All Writs Act does not confer original jurisdiction on federal courts. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 29 (2002). Instead, the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by a statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. *Pennsylvania Bureau of Corrs. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985); *In re Estate of Ferdinand Marcos Human Rights Litigation*, 94 F.3d 539, 546 n.9 (9th Cir. 1996). Thus, even if jurisdiction is properly pled, to the extent that a plaintiff seeks an injunction or a writ of mandamus under the All Writs Act, such relief should be granted "only in the most critical and exigent circumstances [] when" the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1302 (2001) (quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986) (quotations & citations omitted)).  While a writ

of mandamus may be issued under the All Writs Act, "[m]andamus is a 'drastic and extraordinary remedy reserved for really extraordinary causes.'" *Hernandez v. Tanninen*, 604 F.3d 1095, 1099 (9th Cir. 2010) (quoting *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004)).

Here, critical and exigent circumstances do not exist as the legal rights at issue are not indisputably clear for the reasons discussed below. *Brown*, 533 U.S. at 1302.

### B. Injunctive Relief

The Court construes Plaintiff's January 22, 2024 to be a request for a preliminary injunction.

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See also Miller v. French*, 530 U.S. 327, 333 (2000) (the PLRA "establishes standards for the entry and termination of prospective relief in civil actions challenging conditions

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

at prison facilities").

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491-93 (2009*); Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

dismissed.

### C. Analysis

#### The Likelihood of Success on the Merits

Plaintiff does not establish he is likely to succeed on the merits of his claim. In deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Here, Plaintiff's complaint has been screened pursuant to 28 U.S.C. § 1915A(a), and the Court found that Plaintiff's complaint fails to state a claim upon which relief can be granted. (Doc 12 at 4-13.) Plaintiff was granted leave to file an amended complaint, curing the deficiencies identified by the Court. Therefore, although Plaintiff's complaint has been screened, the likelihood of success on the merits cannot be determined.

Plaintiff has not stated any cognizable claim[2] and any first amended complaint will require further screening by the Court. Thus, Plaintiff has not demonstrated he is likely to succeed on the

---

[2] Moreover, the plausibility or cognizability of Plaintiff's claims does not mean his claims are likely to succeed on the merits. That is typically a determination for a later date.

1   merits of his claims. *Winter*, 555 U.S. at 20.

2                               Irreparable Harm

3       Plaintiff does not demonstrate irreparable harm. Plaintiff seeks an injunction permitting

4   his transfer to another facility pending his parole in May 2024. However, in *Meachum v. Fano*,

5   427 U.S. 215 (1976), the United States Supreme Court explicitly held that prisoners do not have a

6   constitutional right to be housed at a particular prison within a state's prison system. *See also*

7   *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently

8   extinguished by his conviction so that the state may change his place of confinement even though

9   the degree of confinement may be different and prison life may be more disagreeable in one

10  institution than in another"). (*See also* Doc. 12 at 8-9.) Because Plaintiff has no right to be housed

11  at lower-level minimum support facility, Plaintiff cannot demonstrate irreparable harm. *Winter*,

12  555 U.S. at 20.

13      To the extent Plaintiff contends the existence of a violence administrative determinant

14  ("VAD") in his file amounts to irreparable harm, Plaintiff does not allege named Defendants

15  Cano, Cunning, De La Torree, and/or Lazano have the authority to expunge the VAD. "[T]the

16  pendency of the present action does not automatically give the Court jurisdiction over all prison

17  officials in general or over the expungement of rule violations from prisoner files at a given

18  institution." *Aubert v. Madruga*, No. 1:13-CV-01659-AWI-EPG (PC), 2016 WL 2866419, at *7-8

19  (E.D. Cal. May 17, 2016), report and recommendation adopted, 2016 WL 4494478 (E.D. Cal.

20  Aug. 25, 2016) (denying injunctive relief because the court lacks jurisdiction to compel non-party

21  prison officials to expunge rule violations from plaintiff's central file solely based on the

22  pendency of a lawsuit against defendant prison officials in their official capacity where

23  defendants lack authority to expunge plaintiff's rule violations); *Clifford v. Rachal*, No. CV 19-

24  5605-DOC (KK), 2019 WL 3781603, at *3 (C.D. Cal. Aug. 12, 2019) (finding the court lacks

25  jurisdiction to compel non-party prison officials to remove the RVR's and Counseling Chrono

26  from Plaintiff's Central File). (*See also* Doc. 12 at 13.) Therefore, even assuming without finding

27  the existence of the VAD in Plaintiff's file amounts to irreparable harm, it is unclear that the

28  Court has jurisdiction to compel the named Defendants in this action to expunge the VAD or any

other document from Plaintiff's central file. *Summers*, 555 U.S. at 491-93 (the court's jurisdiction is limited to the parties in this action).

### The Balance of Equities and the Public Interest

Plaintiff makes no demonstration that the balance of equities tips in his favor or that the injunction he seeks is in the public's interest. Even assuming Plaintiff had met these two *Winter* factors, he has not met all four required factors. *Winter*; 555 U.S. at 20.

### III.     CONCLUSION AND RECOMMENDATIONS

The Clerk of the Court is DIRECTED to randomly assign a district judge to this action.

Further, for the reasons stated above, the Court **RECOMMENDS** that Plaintiff's request for injunctive relief (Doc. 10) be **DENIED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 12, 2024**                          */s/ Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE