UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHAKAZULU SIGIDI
KASENZANGAKHONA,

                    Plaintiff,

          v.

L. CANO, et al.,

                    Defendants.

Case No.: 1:23-cv-001764-JLT-SKO

**ORDER REGARDING PLAINTIFF'S
FILING OF APRIL 4, 2024**

(Doc. 18)

Plaintiff Shakazulu Sigidi KasenzangaKhona is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.       INTRODUCTION**

Plaintiff filed his complaint on December 26, 2023. (Doc. 1.) On January 22, 2024, Plaintiff filed a "Writ of Mandate." (Doc. 10.)

On March 12, 2024, the Court issued its First Screening Order. (Doc. 12.) The Court found Plaintiff's original complaint fails to state a claim upon which relief can be granted. (*Id*. at 4-12.) Plaintiff was granted leave to file an amended complaint, within 21 days, curing the deficiencies identified in the complaint. (*Id*. at 13-14.) On March 12, 2024, the Court also issued Findings and Recommendations to Deny Plaintiff's Request for Injunctive Relief. (Doc. 14.)

On March 18, 2024, Plaintiff filed a first amended complaint. (Doc. 15.) On March 27, 2024, Plaintiff filed a document titled "Objections to Magistrates Judges Findings and Recommendations Including State Writ of Habeas Corpus." (Doc. 16.)

On April 3, 2024, the Court issued its Order Regarding Plaintiff's Filing Of March 27, 2024. (Doc. 17.) The Court ordered Plaintiff's March 18, 2024, first amended complaint be stricken, directed the Clerk of the Court to modify docket entry number 16 to reflect the filing of a first amended complaint,[1] and provided Plaintiff with an additional 14 days within which to file any objections to the Findings and Recommendations. (*Id.* at 2-3.)

On April 4, 2024, Plaintiff filed an untitled document with the Court. (Doc. 18.) The document reads as follows:

> I am writing the Courts because I would not like the furtherance of this case to be placed for other inmates to research over the internet and tablet. [¶] The reasons are because it could jeopardize my safety. Finally, thanks in advance and God Bless you and yours!

(*Id.*)

## II.    DISCUSSION

Plaintiff's filing is unclear.[2] If Plaintiff seeks to dismiss this action because he no longer wishes to pursue his claims, he may do so by filing a notice of voluntary dismissal with the Court. *See* Fed. R. Civ. P. 41(A)(1)(a)(i). If Plaintiff is asking the Court to seal its orders in this action, the Court will not do so. This Court's Local Rule 140 pertains to privacy concerns and redaction, and Local Rule 141, concerns the sealing of documents. *See* Local Rules 140(a) & 141. Local Rule 141.1 states that "[a]ll information provided to the Court in a specific action is presumptively public, but may be sealed in conformance with L.R. 141," and the Court finds no reason to seal any document in this action. *See* Local Rule 141.1(a)(1).

---

[1] The amended complaint will be screened in due course. *See* 28 U.S.C. § 1915A.

[2] Plaintiff is advised that when seeking an order from the Court pursuant to a request, an appropriate motion should be filed. *See* Local Rule 230(l). Untitled correspondence directed to the Court is not appropriate and may not be filed. *See* Local Rule 138(k). (*See also* Doc. 4 [First Informational Order In Prisoner/Civil Detainee Civil Rights Case] at 2 ["A document requesting a court order must be styled as a motion. Letters to the Court or a judge may be stricken/returned. Fed. R. Civ. P. 7"].)

1    Moreover, all documents filed with a court are presumptively public. *Kamakana v. City &*

2   *Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Historically, courts have recognized a

3   'general right to inspect and copy public records and documents, including judicial records and

4   documents'") (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 & n.7 (1978)); *San*

5   *Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-

6   established that the fruits of pretrial discovery are, in the absence of a court order to the contrary,

7   presumptively public"). The party seeking to seal a particular judicial record has the burden of

8   overcoming the presumption of public access. *Kamakana*, 447 F.3d at 1178. To meet this burden,

9   the party must articulate "compelling reasons" that outweigh "the general history of access" to

10   court records and "public policies favoring disclosure." *Id*. at 1178-79 (citations omitted). The

11   Court must "conscientiously balance" the "competing interests" of the public and the party

12   seeking to seal the judicial record. *Id*. at 1179. The determination as to what constitutes a

13   "compelling reason" is within the Court's "sound discretion." *Center for Auto Safety v. Chrysler*

14   *Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Examples of compelling reasons include

15   where a record might "become a vehicle for improper purposes," such as to "gratify private spite,

16   promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447

17   F.3d at 1179.

18    Here, Plaintiff's filing, assuming it seeks to seal all documents filed in this action, offers

19   no compelling reason for sealing. As discussed in the Court's First Screening Order, Plaintiff's

20   claims in this action relate to officials at the Substance Abuse Treatment Facility's alleged refusal

21   to remove Plaintiff's violence administrative determinant ("VAD" or "VIO AD"), thereby

22   preventing him from parole and/or earning a transfer and credits to shorten his period of

23   incarceration. While Plaintiff's third claim alleges a violation of the First Amendment for

24   retaliation by named defendant Villa, the Court found Plaintiff had failed to state a cognizable

25   retaliation claim because "[n]o facts indicate Villa took retaliatory action." (*See* Doc. 12 at 11.)

26   Currently, Plaintiff has failed to state any claim upon which relief can be granted. (*Id*. at 13.)

27    Plaintiff's April 4, 2024, request does not involve compelling reasons to seal any judicial

28   record that outweigh the general history of access to court records or the public policies favoring

disclosure. *Kamakana*, 447 F.3d at 1178-79. And the Court has identified no other basis upon which to seal any document or to consider a protective order. *Center for Auto Safety*, 809 F.3d at 1096. *See also Harris v. Kyle*, No. 1:19-cv-00462-EPG, 2019 WL 4596607, at *1-2 (E.D. Cal. Sept. 23, 2019) (denying prisoner plaintiff's motion to seal all documents related to the case). This Court handles dozens, if not hundreds, of prisoner civil rights retaliation claims every year and the proceedings related to those actions are public absent compelling reasons for sealing such records or documents.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's request to seal all documents filed in this action is **DENIED**. If Plaintiff wishes to voluntarily dismiss this action, he may do so by filing a notice of voluntary dismissal. *See* Fed. R. Civ. P. 41(A)(1)(a)(i).

IT IS SO ORDERED.

Dated:   **April 8, 2024**                              */s/ Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE